**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ABIGAIL GARCIA, on behalf , of herself   )
and her two minor children J.G. and A.G.,   )
MARILY GARCIA, JESUS RIOS   )
GARCIA, and GILBERTO GARCIA,   )
   Plaintiffs,   )
         )
  v.   )  CAUSE NO.: 2:16-CV-321-RL-PRC
         )
THE CITY OF EAST CHICAGO   )
COMMON COUNCIL d/b/a EAST   )
CHICAGO POLICE DEPARTMENT, et al.,)
   Defendants.   )

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to File Second Amended Complaint

[DE 33], filed by Plaintiffs on March 24, 2017. Defendants filed a response and objection on March

29, 2017. Plaintiffs have not filed a reply, and the time to do so has passed.

Plaintiffs seek leave to file a Second Amended Complaint to replace anonymous defendant

officers with known names disclosed by Defendants through discovery. Defendants oppose the

proposed amendment on the basis that the claims are barred by the statute of limitations and the

failure to serve notices on the individual officers under the Indiana Tort Claims Act.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only

with the opposing party's written consent or the court's leave" and that "[t]he court should freely

give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has

explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g.,

undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court

should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

In their original Complaint, Plaintiffs allege that, on March 11, 2015, they sustained constitutional deprivations and were subject to a number of state law torts by Defendants. Plaintiffs filed their Complaint with the Lake County Superior Court in Crown Point, Indiana, on April 8, 2016. The case was removed to this Court on July 8, 2016.

On December 8, 2016, the Court set a deadline of March 11, 2017, for motions for leave to amend the pleadings.

On March 8, 2017, Plaintiffs filed a Plaintiffs' Motion to File Second Amended Complaint, with the proposed Second Amended Complaint naming the individuals officers attached as an exhibit.

On March 21, 2017, the Court, *sua sponte*, struck the March 8, 2017 motion and its exhibits for failure to comply with Federal Rule of Civil Procedure 5.2 because the motion and the proposed Second Amended Complaint contained the full names of minors. The Court granted Plaintiffs up to and including March 23, 2017, to refile the motion in compliance with Rule 5.2.

On March 23, 2017, Plaintiffs refiled the motion but improperly described it on the docket as the Second Amended Complaint itself rather than as a Motion. On March 24, 2017, the Court struck the filing for having been improperly docketed with leave to refile, and, on March 24, 2017, Plaintiffs filed the instant Plaintiffs' Motion to File Second Amended Complaint, with the proposed

2

Second Amended Complaint naming the individual officers again attached  as an exhibit.

On March 27, 2017, Defendants filed an objection, which the Court struck for failure to comply with Rule 5.2 because Defendants included the full names of minors despite the Court's warning in the March 21, 2017 Order. On March 29, 2017, Defendants refiled the objection now before the Court.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is two years. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). Under Indiana law, an action for injury to a person or character must be commenced within two years. *See* Ind. Code § 34-11-2-4.

In the proposed Second Amended Complaint, Plaintiffs seek to name the individual police officers. The two-year statute of limitations on these claims expired on March 11, 2017. Defendants argue that, because the instant motion was filed on March 23, 2017, the statute of limitations has expired.

In the Seventh Circuit Court of Appeals, the statute of limitations is tolled to account for the time it takes a court to rule on a motion for leave to file an amended complaint when the proposed amended complaint is attached to the motion for leave to amend. *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.").

In this case, Plaintiffs identified the names of the individual defendant officers and named

them in the initial proposed Second Amended Complaint attached to the Motion to File Second

Amended Complaint that was filed with the Court on March 8, 2017, which was before the two-year

statute of limitations expired on March 11, 2017.

It was only later, on March 21, 2017, that the Court, *sua sponte*, struck the motion and the

attached proposed Second Amended Complaint for failure to replace the names of minors with

initials as required by Rule 5.2, granting Plaintiff two days to refile the motion, up to and including

March 23, 2017. By that deadline, Plaintiff refiled the motion with the names replaced by initials;

but, because the motion was improperly docketed, the motion was refiled the following day, March

24, 2017.

Thus, the statute of limitations has been tolled since March 8, 2017, to allow time for the

Court to rule on Plaintiffs' Motion for Leave to File Second Amended Complaint. The subsequent

refilings of the Motion for Leave served only to replace the initial filing to ensure compliance with

Rule 5.2 and clarity on the Court's docket. Therefore, the claims against the named officers would

not be barred by the statute of limitations and the amendment would not be futile on this basis.

Defendants also argue that the state law claims against the individual officers would be futile

because there are no facts showing that Plaintiffs served the individual officers with a notice under

the Indiana Tort Claims Act. Under Indiana law, a tort claim against an employee of a political

subdivision is barred unless notice is filed with the governing body of the political subdivision and

the subdivision's risk management commission within 180 days after the loss occurs. *See*

*VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992). However, failure to serve

a notice under the ITCA is an affirmative defense. *See Taleyarkhan v. Purdue Univ.*, 837 F. Supp.

4

2d 965, 968 (N.D. Ind. 2011) (citing *Brown v. Alexander*, 876 N.D.2d 376, 383-84 (Ind. Ct. App. 2007)). Plaintiffs' proposed Second Amended Complaint does not contain facts regarding whether or not they complied with the notice provisions of the ITCA. However, a complaint "need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Thus, the assertion of the affirmative defense is premature, and the Court cannot say that the amendment to name the individual officers would be futile on this basis.

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Motion to File Second Amended Complaint [DE 33] and **ORDERS** Plaintiff to **FILE** the Second Amended Complaint and proposed summons immediately upon receipt of this Opinion and Order.

SO ORDERED this 10th day of April, 2017.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

5