# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ABIGAIL GARCIA, on behalf of herself and her two minor children J.G. and A.G., MARILY GARCIA, JESUS RIOS, and GILBERTO GARCIA, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 2:16-cv-321 |
| THE CITY OF EAST CHICAGO COMMON COUNCIL d/b/a EAST CHICAGO POLICE DEPARTMENT, *et al.*, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Joint Motion to Approve Settlement, filed by Plaintiff, Abigail Garcia, on behalf of herself and her two minor children J.G. and A.G., Marily Garcia, Jesus Rios, Gilberto Garcia ("Plaintiffs") and The City of East Chicago Common Council d/b/a East Chicago Police Department, Mark J. Becker, as Chief of Police, East Chicago Police Department, Detective Kevin Harretos, Sergeant Jose Rivera, Sergeant George Coffey and Sergeant Nathaniel London ("Defendants"), on January 2, 2018 (DE #57). Upon due consideration, the motion (DE #57) is **GRANTED** and the settlement is **APPROVED**.

BACKGROUND

Plaintiffs, Abigail Garcia, on behalf of herself and her two minor children J.G. and A.G., Marily Garcia, Jesus Rios, and Gilberto Garcia, filed a second amended complaint in this case on April 12, 2017 (DE #38). Plaintiffs filed suit against the City of East Chicago, its police chief, and named defendant officers based upon their using explosives and firearms to enter and violently search Plaintiff's home in East Chicago, IN, at 5:00 in the morning while they were still sleeping. (DE #38.) The second amended complaint alleges violations of 42 U.S.C. § 1983 (Count I), unreasonable search and seizure (Count II), unreasonable search and seizure with false arrest pursuant to section 1983 (Count III), failure to implement appropriate police department policies and procedures (Count IV), battery and assault (Count V), and intentional destruction of property (Count VI). Plaintiffs alleged that the "violent assault" caused "non-physical injuries to the minors J.G. and A.G." (DE #38 ¶ 26.)

On January 2, 2018, all parties filed the instant joint motion to approve the settlement. (DE #57.) The parties state they were able to settle the matter for $15,000. (*Id.* at 2.) The parties also stipulate that in the police raid, "the minor plaintiffs were not physically touched by any of the Defendants and did not suffer any physical or mental injuries as a result of the incident. Thus, none of the funds from the settlement will be allocated to the

2

minor plaintiffs."  (*Id.* at 2.)

DISCUSSION

Indiana Code 29-3-9-7 provides as follows:

> (a) Whenever it is proposed to compromise any claim by or against a protected person or the protected person's property, the court, *on petition of the guardian*, may enter an order authorizing the compromise to be made *if satisfied that the compromise will be in the best interest of the protected person*.
>
> (b) Whenever a minor has a disputed claim against another person, whether arising in contract, tort, or otherwise, and *a guardian for the minor and the minor's property has not been appointed, the parents of the minor may compromise the claim*. However, before the compromise is valid, *it must be approved by the court upon filing of a petition requesting the court's approval*. If the court approves the compromise, it may direct that the settlement be paid in accordance with IC 29-3-3-1. If IC 29-3-3-1 is not applicable, the court shall require that a guardian be appointed and that the settlement be delivered to the guardian upon the terms that the court directs.

Ind. Code 29-3-9-7 (emphasis added).  In this case, no guardian has been appointed[1], thus section (a) is not applicable, and the court need not determine that the compromise is made in the best interest of the protected person.  Rather, section (b) is applicable.  Section (b) dictates that the parents of the minor may compromise the claim, but first it must be approved by the court upon filing

---

[1] This comports with Indiana Code section 29-3-3-1 which provides that "[a]ny person indebted to a minor . . . in an amount not exceeding ten thousand dollars ($10,000) may pay the debt without the appointment of a guardian . . . directly to any person having the care and custody of the minor with whom the minor resides."  Ind. Code 29-3-3-1.

3

of a petition requesting the court's approval.

Because the parties have agreed and stipulated that the minor plaintiffs did not receive physical or mental injuries as a result of the incident, and because they are jointly requesting this Court approve the settlement, this Court approves the compromise of the minors' claims and approves the settlement.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Approve Settlement (DE #57), **APPROVES** the compromise of the minors' claims, and **APPROVES** the settlement.

**DATED: January 16, 2018**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**